**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

FILED

DEC 19 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**ELISABETH THIERIOT,**

Plaintiff,

CV25·10833 AGT

v.

**DYNAMIC ARCHITECTURAL DOORS AND WINDOWS, INC.
and does;**
GOVAN ASSOCIATES;
LUSARDI CONSTRUCTION COMPANY;
VENTURE CO.;
DOES 1–25**,
Defendants.

**COMPLAINT FOR RESTITUTION AND EQUITABLE ACCOUNTING**

FOLLOWING RESCISSION

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332
   because the parties are citizens of different states and the amount in
   controversy exceeds $75,000, exclusive of interest and costs.

2. This Court has equitable jurisdiction to grant restitution, accounting, and declaratory relief.

3. Venue is proper under 28 U.S.C. § 1391 because one or more Defendants reside in this District and a substantial part of the events giving rise to the claims occurred here, including the receipt and retention of funds for which restitution is sought.

## PARTIES

4. Plaintiff Elisabeth Thieriot is an individual residing in Tiburon, California.

5. Defendant Dynamic Architectural Doors and Windows, Inc. is a corporation engaged in the manufacture and sale of architectural doors and windows.

6. Defendant Govan Associates is an architectural firm that participated in the specification and design of the products at issue.

7. Defendant Lusardi Construction Company is a construction contractor involved in the installation of the products at issue.

8. Defendant Venture Co. and DOES 1–25 are entities and individuals whose identities are presently unknown but who received funds or benefits arising from the rescinded contracts.

## FACTUAL ALLEGATIONS

### A. The Contracts and Consideration

9. Plaintiff entered into contracts with Defendants for the design, manufacture, supply, and installation of custom architectural doors and windows for her residence.

10. Plaintiff paid substantial sums in reliance on Defendants' representations regarding product suitability, performance, and compatibility with site-specific conditions.

This action enforces post-rescission restitution obligations arising in June 2024. It does not seek damages for fraud, does not re-litigate prior construction claims, and does not collaterally attack any state court judgment.

## B. Failure of Consideration and Impossibility of Performance

11. The products delivered and installed were not the products contracted for and were not capable of performing as represented in the installed configuration.

12. Defendants' own technical representative, Martin Ross, later confirmed that the manufacturer did not and could not manufacture the product Plaintiff reasonably believed she was purchasing, and that performance expectations could not be met.

13. As installed, the products caused ongoing water intrusion, structural damage, and deterioration to Plaintiff's home.

14.     The failure was systemic and not capable of cure, rendering performance impossible and defeating the essential purpose of the contracts.

## C. Rescission

15.     On June 13, 2024, Plaintiff served Defendants with a Notice of Rescission, rescinding all relevant contracts pursuant to California Civil Code §§ 1688–1691, based on failure of consideration, impossibility, and void consideration.

16.     Plaintiff offered to restore any value received, conditioned upon Defendants' simultaneous restoration, as required by law.

17.     Defendants did not respond, did not contest rescission, and did not tender restoration of any consideration.

18.     As of June 13, 2024, the contracts were rescinded and ceased to exist except for purposes of restitution.

## D. Retention of Benefits and Unjust Enrichment

19.     Defendants have retained substantial funds and benefits paid by Plaintiff under the rescinded contracts.

20.     Because return in kind is impossible, equity requires monetary restitution measured by the cost to restore Plaintiff to her pre-contract position.

21.     The cost to cure and restore Plaintiff's property, supported by professional estimates and escalation, is not less than $28,279,000.

22.     Defendants' continued retention of these funds after rescission constitutes unjust enrichment.

## CLAIM FOR RELIEF

## (Restitution and Equitable Accounting Following Rescission)

23.     Plaintiff realleges and incorporates paragraphs 1–22.

24.     Plaintiff validly rescinded the contracts on June 13, 2024.

25.     Defendants failed to restore consideration as required by law.

26.     Defendants have been unjustly enriched by retaining money and benefits conferred under contracts that no longer exist.

27.     Plaintiff is entitled to restitution in an amount sufficient to restore her to her pre-contract position.

28.     Plaintiff is entitled to prejudgment interest at the statutory rate of 10% per annum from June 13, 2024.

29.     Plaintiff is entitled to an equitable accounting of all funds received by Defendants in connection with the rescinded contracts.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment as follows:

A. Restitution in an amount not less than $28,279,000;

B. Prejudgment interest at 10% per annum from June 13, 2024, currently exceeding $4,270,000 and continuing to accrue;

C. An order compelling Defendants to provide a full accounting of all funds received;

D. Declaratory relief confirming the effectiveness of Plaintiff's rescission;

E. Costs of suit and such further equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff seeks equitable relief and does not demand a jury.

## DATED:

**December 18, 2025**

1 Tamfield Rd
Tiburon Ca 94920
Tel. 415-259-9900
Elisabeth @ lionsgatecorp.com

Respectfully submitted,

C.Thieriot

ELISABETH THIERIOT
Plaintiff, In Propria Persona