UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELISABETH I. THIERIOT,

Plaintiff,

v.

DYNAMIC FENESTRATION,

Defendant.

Case No. 25-cv-10833-AGT

**ORDER TO SUBMIT ADDITIONAL INFORMATION IN SUPPORT OF *IN FORMA PAUPERIS* STATUS**

The Court granted Elisabeth Thieriot's *in forma pauperis* application (dkt. 8) but now questions whether her indigency representations were true. In granting the application, the Court relied on Thieriot's representations that she had "no current employment," "no regular income," and no "liquid assets, cash, savings, or access to bank accounts." Dkt. 7 at 2. But the amended complaint itself casts doubt on Thieriot's alleged poverty.

Thieriot is suing Dynamic Fenestration, formerly known as Dynamic Architectural Windows & Doors, Inc., for failing to honor an agreement to design and install "custom fenestration assemblies." Dkt. 9, FAC ¶¶ 3, 7. Thieriot "paid a premium custom contract price" for "genuine mahogany . . . , bronze cladding, and true outswing engineering suitable for high-exposure environments." *Id.* ¶¶ 8, 10. After installation, the assemblies exhibited

"interior bleaching" and "water intrusion," among other things. *Id.* ¶ 11. "Independent professional wind-driven rain testing confirmed water intrusion at approximately 10–15 mph." *Id.* ¶ 16. And later investigations revealed that "the assemblies were constructed from Canadian cedar and painted aluminum rather than the specified mahogany and bronze," *id.* ¶ 14, and that "[t]he assemblies were engineered as reversed inswing systems rather than true outswing high-exposure assemblies," *id.* ¶ 15.

In short, Thieriot paid for expensive custom window assemblies, made from mahogany and bronze. This is hardly the type of project that a person who doesn't have any income or assets would pursue and be able to afford.

The Court also notes that on CM/ECF, Thieriot's email address is listed as elisabeth@lionsgatecorp.com. This email address suggests that Thieriot is affiliated with a corporation, Lionsgate Corp. And although not all corporations are flush with money, many do have assets, and the Court therefore questions whether Thieriot, as a Lionsgate employee, owner, or other affiliate, has access to more resources than she has claimed to date.

Under the *in forma pauperis* statute, "a court is not bound . . . to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "It is the plaintiff's burden to prove [her] indigency in order to establish [her] eligibility to proceed *in forma pauperis*." *Bornstein v. McMaster-Carr Supply Co.*, 2023 WL 4373221, at *1 (D.N.J. July 6, 2023). And if a court "determines that . . . the allegation of poverty is untrue," it "shall dismiss the case at any time." 28 U.S.C. § 1915(e)(2)(A).

Here, the allegations in Thieriot's amended complaint and Thieriot's corporate email address cast doubt on the truth of her claim that she doesn't have any income or assets. In consequence, the Court orders Thieriot to provide more information to support her claim of

indigency (e.g., tax returns, financial statements, bankruptcy filings), and to explain how she was able to afford an expensive window assembly renovation if she doesn't have any assets. Thieriot must submit these supplemental materials by April 3, 2026. However, if she elects to pay the filing fee, she needn't make this supplemental submission.

      **IT IS SO ORDERED.**

Dated: March 24, 2026

                Alex G. Tse
                United States Magistrate Judge