UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELISABETH I. THIERIOT,
Plaintiff,
v.
DYNAMIC FENESTRATION,
Defendant.

Case No. 25-cv-10833-AGT

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 23

Elisabeth Thieriot's claims are time-barred. Although her complaint doesn't offer many dates, the Court takes judicial notice of a state-court complaint she filed against the same defendant, Dynamic Fenestration (f/k/a Dynamic Architectural Windows and Doors, Inc.), in December 2016. *See* RJN, Dkt. 23-3, Ex. A; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1000 (9th Cir. 2018). The state-court complaint reveals that by its filing date, Thieriot knew that the windows and doors she had hired Dynamic to design and manufacture were faulty and weren't made from the agreed-upon materials. She alleged as much in her state-court complaint and sued Dynamic for breach of contract, unjust enrichment, fraud, and negligent misrepresentation. *See* Ex. A ¶¶ 11–12, 15–26.

Proceeding pro se, Thieriot filed the current civil action against Dynamic in December 2025. Her claims (for breach of contract, breach of warranty, strict products liability, and fraud) are based on the same allegedly faulty and non-conforming windows and doors that were the subject of her state-court complaint. *See* Dkt. 9, Am. Compl. ¶¶ 7–23.[1] Her claims have three- to four-year statutes of limitations. *See* Cal. Civ. Proc. Code §§ 337, 338(b), (d); Cal. Com. Code § 2725(1). Those limitations periods began to run in December 2016 at the latest, and all expired by December 2020, five years before Thieriot filed this action.

Thieriot asserts that not until 2023 or 2024 did she learn that Dynamic had known all along that it wouldn't be able "to manufacture the contracted product." Opp'n, Dkt. 27 at 6. Her state-court complaint refutes her timeline. In December 2016, she alleged that Dynamic knew that the windows and doors it made for her "were not solid mahogany," dkt. 23-3, Ex. A ¶ 51, that Dynamic concealed its use of inswing (instead of outswing) doors, *id.* ¶¶ 11–12, and that Dynamic defrauded her by telling her it could manufacture windows and doors "that could withstand the natural storm forces which occur[red] at her home, when [it was] aware that [it] could not do so," *id.* ¶ 50. Well before 2024, Thieriot was aware that Dynamic (allegedly) knew it wouldn't be able to manufacture the windows and doors it had promised. The statute of limitations for Thieriot's fraud claim began to run in 2016 at the latest, not in 2023 or 2024.[2]

[1] Thieriot amended her complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1)(A).

[2] The state court granted Dynamic's motion for summary judgment on December 21, 2023, based on a finding that Thieriot's claims were time-barred. Dkt. 23-3, Ex. D. Dynamic has asked the Court to give that judgment preclusive effect, dkt. 23 at 13–15, but the Court declines to do so. The Court needn't reach the preclusion issue to grant Dynamic's motion to dismiss. Also, upon first impression, there is reason to believe that claim preclusion may not be appropriate: "California courts have held that 'a prior judgment based on the statute of limitations ordinarily is not on the merits.'" *Hedrington v. United States*, 176 F.4th 1177, 1186 (9th Cir. 2026) (quoting *Boyd v. Freeman*, 18 Cal. App. 5th 847, 856 (2017)).

Thieriot also notes that on June 3, 2024, she notified Dynamic that she was rescinding their contract. Am. Coml. ¶ 20. She suggests that this notice of rescission restarted the limitations period. It did not. "Rescission is a remedy, not a claim, *Camofi Master LDC v. Associated Third Party Adm'rs*, No. 16-cv-00855-EMC, 2016 WL 6834585, at *3 (N.D. Cal. Nov. 21, 2016) (citing *Nakash v. Superior Court*, 196 Cal. App. 3d 59, 70 (1987)), and all of Thieriot's claims are time-barred.

The Court grants Dynamic's motion to dismiss and dismisses Thieriot's claims with prejudice. The Clerk of Court shall enter judgment for Dynamic. Fed. R. Civ. P. 58 (b)(1)(C).

**IT IS SO ORDERED.**

Dated: October 19, 2026

Alex G. Tse
United States Magistrate Judge